UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON D. HAWTHORNE

        Petitioner,

                                        Case No. 06-11664
                                        Crim. Case No. 01-80935

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING**

      Petitioner Jason D. Hawthorne, presently incarcerated pursuant to his criminal conviction of felon in possession of a firearm, 18 U.S.C. 922(g)(1), seeks to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner's application is presented *pro se.* Petitioner claims that his defense counsel was ineffective for not informing him of a second plea offer from the prosecutor on the eve of trial. The court has reviewed the petition and will find, for the reasons stated below, that Petitioner is entitled to an evidentiary hearing on this claim.

**I. BACKGROUND**

      Petitioner was convicted of the above offense following a jury trial in this court and received a sentence of 52 months. (Pet.'s Mot. at 1.) Before trial the prosecution

offered him 36 months,[1] which he told his defense counsel, George Cushingberry, to reject. (*Id.* at 2.) Petitioner avers that he told Cushingberry that 36 months was too much but that 14 would be acceptable. (*Id.*) Petitioner states that on the eve of trial Cushingberry received a plea offer of 18-24 months but that Cushingberry did not make the offer available to Petitioner. (*Id.*) Instead, Cushingberry allegedly told Petitioner's fiancé and family members of the offer and expressed that Cushingberry did not know why Petitioner would not take it. (*Id.*)

According to Petitioner, Cushingberry was wrong to rely on Petitioner's earlier statement about 14 months, because Petitioner would have accepted the four-month difference and taken the 18-24 months. (*Id.* at 3.) Petitioner contends that he suffered prejudice due to Cushingberry's ineffective assistance and that the court should therefore vacate the 52-month sentence or, in the alternative, order an evidentiary hearing. (*Id.*)

Respondent counters that it questions the veracity of Petitioner's account, based upon the contrary recollection of Cushingberry and the Special Agent assigned to the investigation of this case. (Resp.'s "Combined Response and Brief" at 2.) Citing *Arreondo v. United States*, 178 F.3d 778 (6th Cir. 1999), it joins Petitioner in requesting an evidentiary hearing.

### III. DISCUSSION

To obtain relief under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel, Petitioner must establish (1) that his lawyer's performance was deficient as

---

[1] In his affidavit attached to his motion, Petitioner alleges that the offer was for 37-46 months. (Pet.'s Aff. at ¶4.)

compared to an objective standard of reasonable performance and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. *See Strickland v. Washington,* 466 U.S. 668, 687-88, 694, (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" and it is a less demanding standard than "more likely than not." *Id.* at 693-94.  Failure to inform a client of a plea offer is, if true, a serious enough error to satisfy *Strickland* and support the parties' call for an evidentiary hearing.  *Arredondo,* 178 F.3d at 789-90.  The court further finds that, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the interests of justice require appointment of counsel for Petitioner.   Accordingly,

## IV.  CONCLUSION

IT IS ORDERED that the parties' request for an evidentiary hearing is GRANTED.

IT IS FURTHER ORDERED that the Federal Defender Office, 22nd Floor, 2255 Penobscot Building, Detroit, Michigan, 48226, telephone number (313) 961-4150, is APPOINTED to represent Petitioner in this case.  Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.  After an appearance is filed, the court will schedule a status conference to discuss the timing and logistics of the evidentiary hearing.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2006, by electronic and/or ordinary mail.

                         S/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-11664.HAWTHORNE.GrantEvidentiaryHearing.wpd